**In re EPIC CAPITAL CORPORATION, et al., Debtors.**

**The Bank of New York, as Successor Indenture Trustee, Plaintiff/Appellant,**

**v.**

**Epic Resorts—Palm Springs Marquis Villas, LLC, and USA Capital Diversified Trust Deed Fund, LLC, Defendants/Appellees/Cross–Appellants.**

Bankruptcy No. 01–2458–MFW.

Adversary No. 02–03021–MFW.

Nos. CIV.A.03–360–JJF, CIV.A.03–361–JJF, CIV.A.03–365–JJF.

United States District Court, D. Delaware.

March 23, 2004.

David M. Fournier, Aaron A. Garber, Pepper Hamilton, LLP, Wilmington, DE, Of Counsel: Tom A. Howley, Mark D. Sherrill, Haynes and Boone, LLP, Houston, TX, for The Bank of New York, as Successor Indenture Trustee.

Teresa K.D. Currier, Klett, Rooney, Lieber & Schorling, Wilmington, DE, Of Counsel: Rhonda L. Payne Thomas, Mark R. Owens, Klett, Rooney, Lieber & Schorling, Philadelphia, Pennsylvania. Jeffrey A. Deller, Klett, Rooney, Lieber & Schorling, Pittsburg, PA, for Appellee/Cross–Appellant, USA Capital Diversified Trust Deed Fund, LLC.

## OPINION

FARNAN, District Judge.

Pending before the Court is an appeal by The Bank of New York ("BNY"), as Successor Indenture Trustee, and a cross-appeal by USA Capital Diversified Trust Deed Fund, LLC ("USA Capital") from the February 27, 2003 Opinion and Order (the "Order") of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). *In re Epic Capital Corporation,* 290 B.R. 514 (Bankr. D.Del.2003). By its appeal, BNY contends that the Bankruptcy Court erred in granting summary judgment in favor of USA Capital and denying summary judgment in favor of BNY on the grounds that USA Capital's claim should be equitably subordinated to BNY's claim. By its cross-appeal, USA Capital contends that the Bankruptcy Court erred to the extent that it struck the testimony of Thomas A. Flatley. For the reasons discussed, the Court will affirm the February 27, 2003 Order of the Bankruptcy Court to the extent that it denied BNY's motion for summary judgment seeking equitable subordination of USA Capital's claim and struck the testimony of Thomas A. Flatley.[1]

## I. THE PARTIES' CONTENTIONS

The appeal and cross-appeal arise in connection with the Adversary Complaint filed by BNY against USA Capital and the Debtor, Epic Resorts–Palm Springs Marquis Villas, LLC ("Epic Palm Springs"). BNY is the successor indenture trustee under the Indenture dated July 8, 1998 and supplemented on January 7, 1999 and February 3, 1999. Under the terms of the Indenture, Epic Resorts, LLC ("Epic Re-

---

1. The Bankruptcy Court's decision regarding the testimony of Mr. Flatley is not codified in its February 27, 2003 Order, but is mentioned in the body of the Opinion issued with the Order. Accordingly, to the extent that the Bankruptcy Court's Order granting USA Capital's motion for summary judgment and denying BNY's motion for summary judgment reflects its decision striking the testimony of Mr. Flatley, the Order will be affirmed.

sorts") and Epic Capital Corp. ("Epic Capital") issued $130 million in Senior Secured Redeemable Notes due 2005 (the "Bonds"). The holder of the majority of the Bonds is a group of Bondholders that refer to themselves as the Highland Funds.

The Indenture also provided that Epic Resorts and Epic Capital would grant BNY a deed of trust in property known as the Palm Springs Resort. The Palm Springs Resort is on land administered by the United States Department of Interior, Bureau of Indian Affairs ("BIA"). As a result, BIA approval was required to grant BNY a deed of trust under the terms of the Indenture. However, BIA approval was never obtained for the Palm Springs Resort.

Two years after closing on the Indenture, Epic Resorts Palm Springs Marquis Villas, LLC ("Epic Palm Springs"), the subsidiary of Epic Resorts which operates the Palm Springs Resort, borrowed $11.5 million from USA Capital. As security for the loan, Epic Palm Springs granted USA Capital a security interest in substantially all of its assets including the Master Lease and time shares related to the Palm Springs Resort. The BIA approved the security interest granted to USA Capital.

Epic Palm Springs eventually defaulted on its loan with USA Capital, and Epic Resorts and Epic Capital defaulted on their obligation to make an $8.45 million interest payment to their Bondholders. As a result, the Highland Funds filed involuntary bankruptcy petitions against Epic Resorts, Epic Capital and Epic Palm Springs.

## A. The Appeal by BNY

By its appeal, BNY contends that the Bankruptcy Court erred in failing to equitably subordinate the claims of USA Capital to its own claims. BNY contends that it can establish the three part test for equitable subordination, and that the Bankruptcy Court erred in adding a fourth element requiring egregious conduct. BNY also contends that the Bankruptcy Court erred in concluding that USA Capital entered into the loan transaction with Epic Palm Springs in good faith. Specifically, BNY contends that USA Capital had actual knowledge of the contents of the Prospectus, referring to the proposed leasehold mortgage on the Palm Springs Resorts, and the Indenture, including the negative covenants precluding Epic Resorts and Epic Capital from incurring additional indebtedness or encumbering their property, and that USA Capital ignored the provisions of these documents by recording a lien against the Palm Springs Resort. BNY contends that USA Capital's conduct was purposefully aimed to harm the contractual relationship between the Debtors and the Bondholders, and that the Bankruptcy Court should have found that USA Capital's conduct was purposeful and constituted tortious interference with the contractual rights of BNY. Thus, BNY maintains that the Bankruptcy Court erred as a matter of law in concluding that the equities did not weigh in favor of BNY.

In response, USA Capital contends, as a threshold matter, that the Bankruptcy Court's decision should be reviewed under an abuse of discretion standard, because the decision to equitably subordinate a claim falls within the sound discretion of the Bankruptcy Court. USA Capital contends that the Bankruptcy Court appropriately applied the standards for equitable subordination and points out that the test should be applied flexibly, because equitable subordination is an equitable remedy. USA Capital further contends that the Bankruptcy Court correctly rejected BNY's argument that USA Capital acted in bad faith and tortiously interfered with the Indenture. In the alternative, USA

Capital contends that even if BNY can establish the elements of equitable subordination, BNY cannot demonstrate a causal link between the complained of conduct and the alleged harm suffered by BNY and the Bondholders.

### B. The Cross–Appeal by USA Capital

By its cross-appeal, USA Capital contends that the Bankruptcy Court erred in striking the testimony of Thomas A. Flatley concerning an alleged oral agreement to swap the collateral under the Indenture from the Palm Springs Resort to the Daytona Property. USA Capital contends that Mr. Flatley's testimony is consistent with the terms of the Indenture, and therefore, does not violate the parol evidence rule. USA Capital also contends that Mr. Flatley's testimony is not hearsay. In this regard, USA Capital contends that Mr. Flatley's testimony reflects his understanding of the transaction, and to the extent that it pertains to statements made by the law firm of White & Case, such statements are admissions of a party opponent.

In response, BNY contends that the Bankruptcy Court correctly concluded that Mr. Flatley's testimony violates the parol evidence rule by seeking to add to the terms of the Indenture. BNY further points out that the Bankruptcy Court found that Mr. Flatley's testimony was not credible. In the alternative, BNY contends that Mr. Flatley's testimony is inadmissible hearsay.

## II. STANDARD OF REVIEW

■ The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). As a threshold matter, USA Capital requests the Court to apply an abuse of discretion standard of review to the Bankruptcy Court's decision denying BNY's motion for equitable subordination, because the Bankruptcy Court reached its decision based upon the equities in this case.

■ Based on the case law of this Circuit, the Court concludes that the abuse of discretion standard is not the appropriate standard of review. The cases cited by USA Capital involve equitable mootness, rather than equitable subordination. See Nordhoff Investments, Inc. v. Zenith Elec. Corp., 258 F.3d 180, 182–185 (3d Cir.2001); In re PWS Holding Corp., 228 F.3d 224, 228–232 (3d Cir.2000); In re Continental Airlines, 91 F.3d 553, 555–557 (3d Cir. 1996). Further, in reviewing equitable subordination decisions, the Third Circuit has applied a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions. See Citicorp Venture Capital, Ltd. v. Committee of Creditors Holding Unsecured Claims, 323 F.3d 228, 232 (3d Cir. 2003); Buncher Co. v. Official Committee of Unsecured Creditors of GenFarm Ltd. P'ship IV, 229 F.3d 245, 250 (3d Cir.2000). Accordingly, the Court will review the Bankruptcy Court's legal conclusions under the de novo standard of review and its factual determinations under the clearly erroneous standard of review. The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court's decision on a de novo basis in the first instance. In re Telegroup, 281 F.3d 133, 136 (3d Cir.2002).

## III. DISCUSSION

### A. Whether The Bankruptcy Court Erred In Denying BNY's Motion For Summary Judgment Seeking Equitable Subordination Of USA Capital's Claim

■ Pursuant to Section 510(c) of the Bankruptcy Code, the Bankruptcy Court

may, after notice and a hearing, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim under the principles of equitable subordination. 11 U.S.C. § 510(c). To apply equitable subordination, three requirements must be met: (1) the claimant engaged in some type of inequitable conduct; (2) the misconduct resulted in injury to other creditors and conferred an unfair advantage on the claimant; and (3) equitable subordination of the claim is not inconsistent with the provisions of the Bankruptcy Code. *Citicorp Venture Capital, Ltd. v. Committee of Creditors Holding Unsecured Claims*, 160 F.3d 982, 986 (3d Cir.1998) (citing *In the Matter of Mobile Steel Co.*, 563 F.2d 692, 699–700 (5th Cir.1977)).

■ By its appeal, BNY contends that the Bankruptcy Court erroneously applied this test by requiring BNY to show egregious conduct. However, the applicable case law indicates that where, as here, the respondent is not an insider or fiduciary of the company, the party seeking to apply equitable subordination bears a higher burden of proof in which he or she must show that the respondent engaged in egregious conduct such as fraud, spoilation or overreaching. *See In re Baker & Getty Financial Services, Inc.*, 974 F.2d 712, 718 (6th Cir.1992) (quoting *In the Matter of Teltronics Serv., Inc.*, 29 B.R. 139, 169 (Bankr.E.D.N.Y.1983)); *In re 604 Columbus Avenue Realty Trust*, 968 F.2d 1332 (1st Cir.1992); *In re M. Paolella & Sons, Inc.*, 161 B.R. 107, 117–119 (E.D.Pa.1993), *aff'd* 37 F.3d 1487 (3d Cir.1994); *In the Matter of Century Glove, Inc.*, 151 B.R. 327, 335 (Bankr.D.Del.1993). The Bankruptcy Court recognized this principle in its decision and correctly applied a heightened standard of review to BNY's claim. Accordingly, the Court cannot conclude

that the Bankruptcy Court erred in its decision.

■ BNY next contends that the Bankruptcy Court erred in failing to conclude that the facts of this case warrant equitable subordination. BNY contends that USA Capital was on actual notice, or at the least, inquiry notice, of the Prospectus and the negative covenants in the Indenture, such that USA Capital should be said to have acted inequitably and purposefully to injure the Bondholders by entering into the loan agreement with Epic Palm Springs. The Bankruptcy Court thoroughly analyzed the facts of this case and found that despite USA Capital's actual knowledge of the restrictive covenants in the Indenture, USA Capital did not intend to harm any relationship between the Debtors and the Bondholders, and its conduct did not rise to the level required to equitably subordinate the claim of a noninsider. As the Bankruptcy Court pointed out, Epic Palm Springs represented and warranted to USA Capital that the secured loan transaction would not result in a breach of the Indenture, USA Capital obtained an opinion letter from Epic Palm Spring's counsel confirming this point, and USA Capital confirmed that no other liens existed on the property. The information USA Capital obtained is consistent with the Prospectus, which expressly states that if approval from the BIA is not obtained, "the subsidiary guaranty of Epic Resorts Palm Springs Marquis Villas, LLC will not be secured by any mortgage on such leasehold." (Exhibit USA–13 at 22, Designation 19, Tab 15). In light of these circumstances, the Court agrees with the Bankruptcy Court's conclusions that the equitable subordination of USA Capital's lien is not warranted in this case.

■ In sum, the Court concludes that the Bankruptcy Court's factual findings are supported by the record and are not

clearly erroneous. Further, the Court concludes that the Bankruptcy Court correctly concluded as a matter of law that the facts and equities in this case do not warrant application of the doctrine of equitable subordination. As the Bankruptcy Court recognized, equitable subordination is an extraordinary remedy which is applied sparingly. *See e.g. In re Fabricators, Inc.,* 926 F.2d 1458, 1464 (5th Cir. 1991); *In re After Six, Inc.,* 177 B.R. 219, 232 (Bankr.E.D.Pa.1995); *In re Tinsley & Groom,* 49 B.R. 85, 90 (Bankr.W.D.Ky. 1984). The Bankruptcy Court's decision is consistent with this principle and with the case law requiring a more egregious level of inequitable conduct to warrant the equitable subordination of a non-insider's claim. Accordingly, the Court will affirm the Bankruptcy Court's Order denying BNY's motion for summary judgment to the extent that BNY sought equitable subordination of USA Capital's claim.

B. *Whether The Bankruptcy Court Erred In Striking The Testimony Of Thomas Flatley*

■ The parties agree that New York law applies to the question of whether the Bankruptcy Court erred in striking the testimony of Mr. Flatley. The parol evidence rule provides that "if the parties have reduced their agreement to writing, no evidence of any prior oral or written agreement may be offered to contradict, vary, add to or subtract from the terms of the writing." *In re WorldCorp, Inc.,* 252 B.R. 890, 895 (Bankr.D.Del.2000). To determine the applicability of the parol evidence rule, the Court must: (1) determine whether the written contract is an integrated agreement; (2) determine whether the language of the written contract is clear or ambiguous; and (3) if the language is clear, that language is applied and the parol evidence is not admissible. *Municipal Capital Appreciation Partners I,*

*L.P. v. Page,* 181 F.Supp.2d 379, 392 (S.D.N.Y.2002).

■ USA Capital contends that Mr. Flatley's testimony is not precluded by the parol evidence rule, because it does not alter, vary or contradict the substance of the Indenture. The Court disagrees. Mr. Flatley's testimony is evidence of an alleged oral agreement to swap the Bondholder's collateral so that the Bondholders would have a lien in the Daytona Property rather than a lien in the Palm Springs Resort. The Indenture, however, is silent as to whether the Bondholders would receive replacement collateral in the event that the BIA did not approve the proposed leasehold in the Palm Springs Resort. Thus, in the Court's view, Mr. Flatley's testimony attempts to add a term to the Indenture, and therefore, the Court concludes that the Bankruptcy Court correctly concluded that his testimony was precluded by the parol evidence rule. Accordingly, the decision of the Bankruptcy Court to strike the testimony of Mr. Flatley will be affirmed.

**CONCLUSION**

For the reasons discussed, the Court will affirm the February 27, 2003 Order of the Bankruptcy Court denying BNY's motion for summary judgment seeking equitable subordination of USA Capital's claim and striking the testimony of Thomas A. Flatley.

An appropriate Order will be entered.

***FINAL ORDER***

At Wilmington, this 23rd day of March 2004, for the reasons set forth in the Opinion issued this date;

IT IS HEREBY ORDERED that the February 27, 2003 Order of the Bankruptcy Court denying BNY's motion for summary judgment seeking equitable subordi-

nation of USA Capital's claim and striking the testimony of Thomas A. Flatley is AFFIRMED.